UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ACKQUILLE POLLARD,

                        Plaintiff,

    -against-

THE CITY OF NEW YORK, P.O. DOUGLAS
CORSO, both individually and in his official capacity
as a police officer, and "JOHN DOES" and "JANE
DOES" said names being fictitious and presently
unknown persons believed to be police officers and
personnel of the New York City Police Department,

                        Defendants.
-------------------------------------------------------------------X

Civil Action No.:

**VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS A JURY**

Plaintiff, by and through his attorneys, THE COCHRAN FIRM, as and for his Complaint against Defendants, respectfully sets forth and alleges that:

### NATURE OF THE CLAIMS

1. This is a civil action for injunctive, compensatory, punitive and exemplary damages for the wrongful arrest, excessive force, recklessness and carelessness of the Defendants, which caused the Plaintiff to suffer serious physical, psychological and emotional harm.

2. This action is to redress the deprivation under the color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the Plaintiff by the United States Constitution, particularly the 4th, 5th, and 14th Amendments, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, <u>Monell</u>, and the laws and statutes of New York State.

3. This action arises out of an incident occurring on or about June 3, 2014.

1

4.     Defendants' conduct was knowing, malicious, wanton and in reckless disregard of the Plaintiff's rights.  It has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, severe mental anguish and emotional distress.

### JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 (1-4) and 2202 as this case involves a federal question based on Plaintiff's protected rights under the United States Constitution, particularly the 4th, 5th, and 14th Amendments, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and <u>Monell</u>.  The matter in controversy exclusive of interest and costs exceeds $100,000 (one hundred thousand dollars).

6.     Venue is proper in this district under 28 U.S.C. § 1391 (b).

### PARTIES

7.     Plaintiff Ackquille Pollard is a citizen of the United States, and resides in Kings County, New York.  He is a musician who performs in the rap/hip-hop genre of music.

8.     Defendant CITY OF NEW YORK is a municipal corporation duly existing under and by virtue of the laws of the State of New York and maintains its principal place of business at 100 Church Street, New York, New York 10007.

9.     At all relevant times, Defendant P.O. DOUGLAS CORSO was a detective with the New York City Police Department ("NYPD") and a representative of the City of New York, and he directly participated in the unlawful activity that is the subject of the Complaint.

10.    At all relevant times, Defendants "JOHN DOES" were police officers of the NYPD and representatives of the City of New York, and they directly participated in the unlawful activity that is the subject of this Complaint.

11. At all relevant times, Defendants "JANE DOES" were police officers of the NYPD and representatives of the City of New York, and they directly participated in the unlawful activity that is the subject of this Complaint.

## PROCEDURAL HISTORY

12. This case is being filed within three (3) years of the incidents complained of.

## FACTS

13. On or about June 3, 2014, Plaintiff Ackquille Pollard was a lawful and invited guest at the residence of his friend located at 166 Rockaway Parkway, Brooklyn, New York.

14. At approximately 6:00 PM on June 3, 2014, police officers, including Defendant Douglas Corso, knocked on the door of the location. When one of the occupants opened the door a slight bit to see who was there, Defendant Corso and other police officers kicked in the door and illegally entered the residence without a search warrant.

15. The police officers then illegally searched and ransacked the residence without a search warrant, and arrested all of the individuals in the apartment, including Plaintiff, without a warrant.

16. While conducting the illegal search and arresting Plaintiff, Defendant police officers were taunting Plaintiff by chanting the lyrics to his chart-topping songs.

17. The illegal search resulted in the confiscation of a handgun and drug paraphernalia, neither of which belonged to Plaintiff.

18. Plaintiff was arrested and charged with criminal possession of a weapon.

19. After multiple court appearances, all charges against Plaintiff were dismissed within the three year statute of limitations for malicious prosecution.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983, et seq.)

20. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 19, inclusive, as if fully set forth herein.

21. Defendant City of New York and the NYPD had a duty to ensure the actions, activities, and behavior of its said servants, employees, personnel, and/or police officers complied with State and Federal law when they conducted searches and arrests. In this case, the Defendant City of New York through its employees, Defendants P.O. Douglas Corso and John Doe and Jane Doe officers violated the Plaintiff's rights under the United State Constitution, particularly the 4th, 5th and 14th Amendments, 42 U.S.C. § § 1983, 1985, 1986 and 1988. Specifically, these officers did not have probable cause to search the apartment in which Mr. Pollard was visiting, nor did they have probable cause to arrest him.

22. Defendants P.O. Douglas Corso and John Doe and Jane Doe officers in the course and scope of their employment as police officers and representatives for the Defendant City of New York and the NYPD violated the Constitutional Rights of Plaintiff Pollard to be safe and secure in his person guaranteed to him by the 4th, 5th and 14th Amendments.

23. As a result of the Defendants' actions, Plaintiff Pollard was injured and damaged, sustained severe nervous shock and mental anguish, and emotional upset, some of which are permanent in nature and duration.

24. The resulting injuries sustained by Plaintiff Pollard were caused solely by the Defendants, in violation of Plaintiff Pollard's Civil and Constitutional rights, and without any cause, provocation, or negligence on the part of Plaintiff Pollard contributing thereto.

## SECOND CAUSE OF ACTION
### (Monell)

25. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 24, inclusive, as if fully set forth herein.

26. At all relevant times, Defendant City of New York and the NYPD maintained a custom, practice and/or policy of covering up illegal conduct by falsely charging victims of the illegal conduct with criminal charges. In cases such as this, where an illegal search is conducted, invariably the police officers who violate the rights of others press charges to cover up the illegality of their conduct. The hope is that by charging victims of illegal conduct with a crime, the victim will acquiesce and not assert their rights in order to receive leniency against the false charges.

27. This policy, custom and/or practice allowed Defendants P.O. Douglas Corso and John and Jane Does to deprive the Plaintiff of his rights under Federal law in the hope and expectation that he would acquiesce to the violation of his rights in exchange for leniency against the charges.

28. As a result of the foregoing policy, custom and/or practice, Plaintiff Pollard had his rights violated.

29. This policy is deliberately indifferent to the constitutional rights of people like Plaintiff herein.

### THIRD CAUSE OF ACTION
### (False Arrest Under Federal Law)

30. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 29, inclusive, as if fully set forth herein.

31. Plaintiff was unlawfully placed in the custody of the NYPD and was wrongfully handcuffed, detained, confined and arrested without just cause or provocation.

32. As a result of the foregoing, the Plaintiff's rights secured under the United States Constitution, particularly the 4th, 5th, and 14th Amendments, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, were violated by the Defendants P.O. Douglas Corso and John and Jane Doe officers under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their position as law enforcement officers.

### FOURTH CAUSE OF ACTION
(Malicious Prosecution Under Federal Law)

33. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. The Defendants, its servants, agents, sergeants, detectives, lieutenants, captains and/or employees intentionally, wantonly, maliciously and falsely prosecuted the Plaintiff for the criminal charges of which they accused the Plaintiff.

35. The charges brought against the Plaintiff by the Defendants were solely for the purpose of shielding and/or purportedly justifying the unconscionable arrest and unlawful treatment and abuse perpetuated upon the Plaintiff by the Defendants, all of which are in violation of Plaintiff's rights under 42 U.S.C. § 1983, et seq

36. Through their actions the Defendants intentionally, wantonly and malicious prosecuted and/or caused, compelled, ordered, directed and/or permitted the malicious prosecution of the Plaintiff, as a common criminal, causing and/or compelling him to appear in public and in Court, and be falsely prosecuted.

37. The charges brought against the Plaintiff were dismissed by the Criminal Court of the City of New York within the three year statute of limitations for malicious prosecution and Plaintiff thereby prevailed.

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and against the Defendants, containing the following relief:

A. An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for his monetary and/or economic damages;

B. An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for all his non-monetary and/or compensatory damages, including but not limited to, compensation for severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

C. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

D. An award for punitive damages against individually named Defendants in their personal capacities; and

E. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
April 29, 2016

Respectfully submitted,

/s/ Derek S. Sells

Derek S. Sells, Esq. (DS-8891)
Tracey L. Brown, Esq. (TB-4094)
THE COCHRAN FIRM
Attorneys for Plaintiff
55 Broadway, 23rd Floor
New York, New York 10006
Tel No.: (212) 227-9740
Facsimile (212) 227-8763

## ATTORNEY'S VERIFICATION

The undersigned, an attorney, duly admitted to practice law in the Courts of the State of New York and the Eastern District of New York, hereby affirms the truth of the following under penalty of perjury:

I am a member of THE COCHRAN FIRM, attorneys for the plaintiff in the above action. I have read the annexed **COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiff, is that the plaintiff resides out of the County of New York, wherein I maintain my offices.

Dated: New York, New York
       April 29, 2016

_____
TRACEY L. BROWN